**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br> v.<br><br> CALWAY WILLIAM CAULEY, AKA<br>William Cauley,<br><br>  Defendant - Appellant. | No. 10-10382<br><br>D.C. No. 2:08-cr-00288-PMP-RJJ-3<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br> CALWAY WILLIAM CAULEY, AKA<br>William Cauley,<br><br>  Defendant - Appellee. | No. 10-10412<br><br>D.C. No. 2:08-cr-00288-PMP-RJJ-3 |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 17, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Calway William Cauley appeals his convictions of conspiracy to commit bank and mail fraud, in violation of 18 U.S.C. § 1349, and mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1341, as charged in Counts One and Two of the Second Superceding Indictment. The government cross-appeals the district court's denial of the government's motion to enter an in personam criminal forfeiture money judgment. We affirm Cauley's convictions but reverse and remand the district court's denial of the government's motion to order forfeiture in light of *United States v. Newman*, 659 F.3d 1235 (9th Cir. 2011). Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

Sufficient evidence in the record supports Cauley's convictions as charged in Counts I and II of the second superceding indictment. Cauley's sufficiency-of-the-evidence challenge to his convictions succeeds "only if, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United*

*States v. Lo*, 231 F.3d 471, 475 (9th Cir. 2000). To prove mail fraud, "the government must establish that a defendant used the mails 'for the purpose of executing such [fraudulent] scheme or artifice or attempting to do so.'" *Id.* at 478 (quoting 18 U.S.C. § 1341). "[T]he use of the mails need not be an essential element of the scheme." *Schmuck v. United States*, 489 U.S. 705, 710 (1989) (citing *Pereira v. United States*, 347 U.S. 1, 8 (1954)). Where a defendant "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes the mails to be used." *Pereira*, 347 U.S. at 8-9 (internal quotation marks omitted).

The conspirators could have reasonably foreseen that the mails would be used in furtherance of their scheme. In order to obtain the loan underlying Cauley's conviction, the conspirators had to sign a servicing disclosure statement that clearly stated that the mortgage lender, Sierra Pacific Mortgage Company (SPMC), did not service its mortgage loans and that it intended to assign, sell, or transfer the servicing of these loans. The closing documents also indicated that SPMC assigned, sold, or transferred "100%" of its loans in 2004, 2005, and 2006. It was therefore reasonably foreseeable that SPMC would use the mail to send the

loan documents from its Nevada office to its California office, where it subsequently bundled and sold the loan to Countrywide.

Although SPMC mailed the loan documents after it funded the loan, the mailing underlying a mail fraud conviction "can occur after the defendant has obtained her fee, if 'the mailing is part of the execution of the scheme as conceived by the perpetrator at the time.'" *Lo*, 231 F.3d at 478 (quoting *Schmuck*, 489 U.S. at 715); *see also United States v. Miller*, 676 F.2d 359, 362 (9th Cir. 1982) ("A fraudulent scheme may depend on a mailing even after the defrauders have received their money."). Just as the mailing in *Schmuck* was required for the car dealers to complete the transaction by passing title to their customers, 489 U.S. at 707, the mailing in this case was required to execute the conspirators' scheme by allowing SPMC to sell the loan to Countrywide. Without that mailing, the conspirators could not have used the proceeds of this loan to continue to execute their fraudulent scheme of obtaining cash back on loans and using some of that money to pay loans on other properties and to pay straw buyers.

II

The district court erred by declining to order Cauley to pay the statutorily required criminal forfeiture judgment. When proper notice is given and forfeiture is authorized by statute, "the district court must impose criminal forfeiture in the

-4-

amount of the 'proceeds' of the crime." *Newman*, 659 F.3d at 1239. "For purposes of criminal forfeiture, the 'proceeds' of a fraudulently obtained loan equal the amount of the loan" and, in a conspiracy, the "proceeds" "equal the total amount of the loans obtained by the conspiracy as a whole." *Id*. at 1244. Thus, because Cauley was found guilty of conspiracy to commit mail fraud, he is subject to mandatory criminal forfeiture equal to the total amount of the loans obtained by the conspiracy. *Id.* We therefore reverse and remand, in part, in light of *Newman*.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**